# Order

Michigan Supreme Court
Lansing, Michigan

May 14, 2010

138869(70)

DETROIT MEDICAL CENTER,
　　　　　Plaintiff-Appellee,

v

TITAN INSURANCE COMPANY,
　　　　　Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138869
COA: 283815
Wayne CC: 2007-700367-NF

On order of the Court, the motion for reconsideration of this Court's December 21, 2009 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying defendant's motion for reconsideration and instead would grant leave to appeal in this case and in *Spectrum v Titan Ins*, No. 140109. These cases both raise the significant question of when a spouse or live-in companion of a registered owner of an uninsured motor vehicle will be deemed an "owner" of that vehicle, notwithstanding that their name is not on the title to the vehicle. MCL 500.3101(2)(h)(i), defines "owner" to include "a person renting a motor vehicle or *having the use thereof*, under a lease or otherwise, for a period that is greater than 30 days." (Emphasis added). Being deemed an "owner" carries significant consequences because MCL 500.3113(b) bars an owner from no-fault benefits "for accidental bodily injury if at the time of the accident. . .[t]he person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the [insurance] required by [MCL 500.3101 or MCL 500.3103] was not in effect."

In this case, Maria Jimenez was injured while driving an uninsured vehicle titled in the name of her live-in companion, Jose Gonzales. She estimated that she had driven the van four times over the previous four months since the vehicle was purchased. In *Spectrum,* Kevin Zoerman was injured in a motor vehicle accident while driving an

uninsured vehicle titled in the name of his wife, Brandy Zoerman. Mr. Zoerman had driven the vehicle an estimated 3-5 times over the previous 14 months.

Defendant argued in each case that no-fault coverage was precluded because Mr. Zoerman and Ms. Jimenez were each an "owner" pursuant to MCL 500.3101(2)(h)(i), i.e., they had "the use" of the vehicle for a period greater than 30 days. The trial court and the Court of Appeals ruled to the contrary, arguing that neither of these persons enjoyed "regular" or "exclusive" use of the vehicle.

I would grant leave to appeal to consider defendant's argument that the Court of Appeals has engrafted a "regular" or "exclusive" use requirement onto the statutory definition of "owner," and that such requirement is nowhere found in the statute. Rather, defendant argues, the focus must be upon whether a person had a "right to use" a vehicle. I would also grant leave generally to assess the circumstances under which a person may avoid an "owner" designation under MCL 500.3101(2)(h)(i) by the expedient of titling an uninsured vehicle in the name of a family member living in the same household. The financial implications of the questions posed in this case are considerable for all automobile policy holders in this state.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 14, 2010

_Corbin R. Davis_
Clerk

d0511